No. 29.—KING & HOOPER, plaintiffs in error, *vs.* EDWARD CAREY, Assignee, defendant.

[1.] A rule *nisi.* calling upon the adverse party to show cause why a non-suit should not be set aside, and a new trial awarded, " so soon as counsel can be heard," is not returnable, and to be heard necessarily, during the term at which it is taken, but is to be considered as for a hearing when it may suit the convenience of the Court.

[2.] If the minutes show no action on such a rule at the first term, it will not be dismissed on the ground that the plaintiff who moved the rule was in default, and failed to prosecute his suit; but n such a state of facts, the rule is to be considered as having been continued by the Court. But if the opposite party, more to speed the cause, and the Court is willing to hear it, and the movant, without sufficient cause shown, fails to prosecute the rule—then, *quere ?*

[3.] A rule *nisi* is sufficiently certain and distinct when the grounds taken are so plainly set forth as to notify and inform the opposite party as to what he is called upon to answer, and as to enable the Court to render a certain judgment on them. A rule *nisi* will not be dismissed for uncertainty, because it is not made returnable on a day certain in term.

Rule *nisi.* to set aside a nonsuit in Muscogee Superior Court, decided by Judge ALEXANDER, May Term, 1848.

The facts are disclosed in the opinion of the Court.

JOHNSON & WILLIAMS, for plaintiff in error.

DOUGHERTY, HOLT, and JONES, BENNING & JONES, for defendant.

King & Hooper *vs.* Carey.

*By the Court.*—NISBET, J. delivering the opinion.

Out of this cause grew two writs of error; one brought by the plaintiff, Edward Carey, assignee, &c. and the other by the defendants, King & Hooper, which by agreement of counsel were argued together, yet which require separate judgments and opinions. As many of the facts applicable to one, have no relevancy to the other case, I shall consider them apart. In the case of King & Hooper, plaintiffs in error, the facts necessary to be stated, are these : Upon the trial of the cause, a nonsuit was awarded against the plaintiff, and at the same time, to wit, at the May term of the Superior Court of Muscogee county, 1847, the plantiff below, moved the following rule : " Edward Carey, assignee, &c. vs. King & Hooper. Assumpsit ; nonsuit. On motion of plaintiff's counsel, ordered that defendants' counsel show cause as soon as they can be heard, why the nonsuit entered in said case should not be set aside, and said case be reinstated on the following grounds :

1st. Because plaintiff's counsel were surprised on the trial of said case, by the absence of E. Barnard, who was the only person by whom notice of nonpayment, necessary to charge the defendants as indorsers, could be proved, and who is a merchant residing in the city of Columbus, and a Notary Public, and generally to be found at his office or counting room, and seldom absent therefrom in business hours; and that plaintiff went to the store of witness, for him, before the case was submitted to the jury.

2d. Because the absence of said E. Barnard, on the trial of said case, was procured at the instance and request of the said defendants, or of some person acting in their behalf, to prevent the plaintiff from having the benefit of the testimony of said Barnard, on the trial of said cause." At the next term of the Court, to wit, at November term, 1847, this rule was continued by agreement between counsel, with an understanding embodied in the agreement, that the continuance should not affect the right of the defendants, to make any motion or objection which they might have made then. At the next term, to wit, at May term, 1848, the plaintiff moved the Court to take up the rule, when the defendants, King & Hooper, objected to the rule being heard, on two grounds—

1st. Because it was discharged by operation of law, by reason

of the plaintiff's having failed to move in the same, at the term at which it was taken, or to have the same enlarged.

2d. Because the rule *nisi* was insufficient and uncertain, and the defendants, for that cause, were not bound to answer the same.

[1.] The Court overruled these preliminary objections, and the defendants excepted. They were properly overruled.

In *Nisbet vs. Lawson*, 1 *Kelly*, 279, this Court held, that "if the plaintiff, after issue joined, neglect to bring such issue on, to be tried in *due time*, as limited by the *course and practice of the Court in the particular case*, he is adjudged not to follow or pursue his remedy as he ought to do; and thereupon, a *non sequitur* is given against him, for his default." By this rule, the *non sequitur* is awarded, only when the plaintiff after issue joined, is guilty of *delay* in moving in it. And he is not guilty of delay, if he move in the issue within such time as is allowed by the *course and prac- -tice* of the Court, in the particular case. Was he guilty of delay in this case? To determine that question, we look first to the rule. That is not made returnable at any particular time, at any term, or upon any day of any term. It is returnable, *so soon as counsel can be heard.* That is, it is to be considered, when the Court shall be willing to hear counsel. When that shall be, is in the first instance, left to the discretion of the Court. It may be during the term at which it is taken, or it may be at a subsequent term. It is certainly not *necessarily* to be heard at the first term.

[2.] The *course and practice* of our Courts, is to grant rules *nisi* thus returnable. But it is argued, that in as much as by its terms this rule might have been heard at the first term, and as the record discloses no motion to consider it then, the presumption of law is, that no such motion was made, and therefore, the plaintiff is in default. The answer to which, is, that although the rule *may* be heard at the first term, it does not follow that it *must* be then heard. It is the privilege of the plaintiff, to call it up at the first term, if it suits the convenience of the Court then to have a hearing and decision; but if he fail to do so, I do not consider that he is to be held as not prosecuting his suit. So it was held in *Nisbet vs. Lawson*, that the entry of two general continuances on the bench docket, without anything appearing on the minutes, will not work a discontinuance of the cause. Farther, the presumption of law is, that inasmuch as the record exhibits no ac-

tion on this rule at the first term, that other business having prior claims upon the attention of the Court, occupied its time ; and that is the reason that it was not called.    In such a state of facts, the rule is to be considered as being continued by the Court. Thus, in *Smith, administrator, and another vs. Thompson,* 3 *Kelly,* 26, this Court held, that if a cause is not reached in its order on the docket, by the exercise of reasonable diligence on the part of the Court, the effect is a continuance by the Court.    We cannot think, that under *the course and practice* of our Courts in relation to rules for new trials, like this, that this plaintiff has been in default.    Had the defendants moved to speed this cause at the proper time, and the Court been willing to hear it, and plaintiffs, then, without sufficient cause had failed to proceed, perhaps' we might entertain different views of this cause.

[3.] The correctness of the ruling of the Court on the second ground of objection, is tested by the rule itself.    We think it sufficiently plain, certain and distinct.    It sets forth the grounds upon which a re-hearing is asked so plainly, that the Court could find no difficulty in rendering a *certain* judgment upon them ; and so plainly and distinctly, as clearly to notify and inform the defendants, as to what they are expected to answer.    If it does all this, it could be required to do no more, legally.    It was urged, that it was uncertain for the want of the specification of *a day,* upon which it should be heard.    I have already considered that objection, in part.    That a day in term, upon which rules are returnable, must be specified by the English practice, need not be questioned.    That  practice is not applicable to our different organization.    Whether it is or not, our Courts have long practiced under a different rule.    We are in the habit of making rules *nisi* returnable on a day within the first term, at the next term, in vacation, or as this is, when counsel may be heard, according as the Court may direct.    We see no good reason to depart now, from the established practice.    The case of *Bethune vs. Bonner,* relied upon by counsel for the plaintiffs in error, is distinguishable from this.    This Court held the rule, there, wanting in certainty, because it did not show that the Court had jurisdiction of the execution, which was claiming money before the Court.    It did not show, from what Court it issued.    2 *Kelly,* 169.

The preliminary objections which I have been considering, were made orally, and when overruled, no judgment upon them

was entered on the minutes.  After they were overruled, the defendants joined issue with the plaintiff on his rule, by answering thereto.  Upon hearing argument upon that issue, the Court refused to make the plaintiffs' rule absolute, but dismissed it.  The counsel for the plaintiff having then notified the defendants that he would apply for a bill of exceptions, upon the judgment of the Court upon his rule for setting aside the nonsuit, the defendants, King & Hooper, moved that a recital of the facts in relation to their preliminary objections, and the judgment on them, be entered on the minutes, which the Court refused to permit, and which is also assigned as error.  I can see no good reason, why the Court should not have granted the request of the defendants ; it was, it is true, out of time, to move that this recital and judgment be *then* entered.  The better course would have been, to make the preliminary objections to the rule *nisi*, in writing ; for the opposite party to join issue on them, and when judgment was had thereon, for all to pass, as a matter of course, to record. But, if it was irregular to refuse this motion, *cui bono !*  What good can result to any body, to send this cause back on that account ?  This exception has no relevancy to the legal merits of this cause ; none whatever.  The defendants, have had the benefit of a writ of error, on their preliminary exceptions.  Perhaps, that was what they feared, without the granting of their motion, they would not get.  If on this ground, this case was sent back, what would they gain by it ?  Their paper on the record, no more.

Let the judgment be affirmed.